UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROSSROADS COMMUNICATION OF OLD SAYBROOK, LLC, | : : : | CIVIL ACTION NO. 303 CV 00459 (PCD) |
| Plaintiff, | : : | |
| v. | : : | MARCH 12, 2004 |
| TOWER VENTURES, INC., | : : | |
| Defendant. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT TOWER VENTURES, INC.**

Defendant Tower Ventures, Inc. ("Tower Ventures"), by its attorneys, Robinson & Cole LLP, in response to the Complaint of Plaintiff Crossroads Communication of Old Saybrook, LLC ("Crossroads" or "Plaintiff"), hereby answers as follows:

I.  PARTIES

1.  Tower Ventures is without sufficient knowledge or information to admit or deny the allegations of Paragraph 1, therefore, Plaintiff is left to its proof.

2.  Tower Ventures admits the allegations of Paragraph 2.

II.  JURISDICTION AND VENUE

3.  Tower Ventures admits the allegations of Paragraph 3 inasmuch as Crossroads claims that the amount in controversy exceeds $100,000, exclusive of interest and costs, and is between citizens of different states.

4.  Tower Ventures admits the allegations of Paragraph 4.

III.  FACTS

5.  Tower Ventures is without sufficient knowledge or information to admit or deny the allegations of Paragraph 5, therefore, Plaintiff is left to its proof.

-2-

6.    Tower Ventures is without sufficient knowledge or information to admit or deny the allegations of Paragraph 6, therefore, Plaintiff is left to its proof.

7.    Tower Ventures is without sufficient knowledge or information to admit or deny the allegations of Paragraph 7, therefore, Plaintiff is left to its proof.

8.    Tower Ventures admits only so much of Paragraph 8 as alleges that Crossroads and Tower Ventures entered into an agreement (the "September 2001 Agreement"). The September 2001 Agreement is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete and correct statement of the terms and conditions contained therein.

9.    Tower Ventures admits Paragraph 9 to the extent that it quotes from the September 2001 Agreement. By way of further answer, the September 2001 Agreement is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete and correct statement of the terms and conditions contained therein.

10.    With respect to the allegations of Paragraph 10, the September 2001 Agreement is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete and correct statement of the terms and conditions contained therein.

11.    Tower Ventures admits Paragraph 11 to the extent that it quotes from the September 2001 Agreement. By way of further answer, the September 2001 Agreement is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete and correct statement of the terms and conditions contained therein.

12.    With respect to the allegations of Paragraph 12, to the September 2001 Agreement is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete and correct statement of the terms and conditions contained therein.

13.    With respect to the allegations of Paragraph 13, the September 2001 Agreement and the form of the ground lease are documents that speak for themselves, therefore, Tower

Ventures refers to these documents for a complete statement of the terms and conditions contained therein.

14. With respect to the allegations of Paragraph 14, the form of ground lease is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete statement of the terms and conditions contained therein.

15. With respect to the allegations of Paragraph 15, the form of ground lease is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete statement of the terms and conditions contained therein.

16. With respect to the allegations of Paragraph 16, the form of ground lease is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete statement of the terms and conditions contained therein.

17. With respect to the allegations of Paragraph 17, the form of ground lease is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete statement of the terms and conditions contained therein.

18. Tower Ventures admits the allegations of Paragraph 18.

19. Tower Ventures admits only so much of Paragraph 19 as alleges that November 4, 2001 was forty-five days from September 20, 2001. The remaining allegations of Paragraph 19 are denied.

20. Tower Ventures admits only so much of Paragraph 20 as alleges that Tower Ventures did not file any applications for approval within 45 days after the execution of the September 2001 Agreement and that the first approval application was not filed until February or March of 2002. By way of further answer, Tower Ventures states that Crossroads did not deliver to Tower Ventures copies of all of the Property Documentation within twenty days after the execution of the September 2001 Agreement, as required by the September 2001 Agreement, which severely hampered Tower Ventures's ability to prepare the applicable applications for

approval that were to be filed pursuant to Paragraph 1 of the September 2001 Agreement.  By way of even further answer, Tower Ventures states that Crossroads participated in the process of preparing the applicable applications for approval that were to be filed pursuant to Paragraph 1 of the September 2001 Agreement, and knew that delays in the process had been encountered.

      21.     Tower Ventures admits only so much of Paragraph 21 as alleges that Crossroads permitted Tower Ventures to cause applications for approval to be filed in Crossroads' name with local boards and commissions.  The remaining allegations of Paragraph 21 are denied.

      22.     Tower Ventures admits the allegations of Paragraph 22.

      23.     Tower Ventures admits only so much of Paragraph 23 as alleges that an application for approval remained pending before the Old Saybrook Zoning Board.  The remaining allegations of Paragraph 23 are denied.

      24.     Tower Ventures admits only so much of Paragraph 24 as alleges that it sent a letter by overnight delivery to Crossroads on or about August 7, 2002, which terminated the September 2001 Agreement.  The letter dated August 7, 2002 is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete statement of what was communicated therein.

      25.     With respect to the allegations of Paragraph 25, the September 2001 Agreement is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete statement of the terms and conditions contained therein.

      26.     Tower Ventures denies the allegations of Paragraph 26.

      27.     Tower Ventures admits only so much of Paragraph 27 as alleges that Crossroads informed Tower Ventures that it regarded Tower Ventures's termination as ineffective and expected Tower Ventures to fulfill its obligations under the September 2001 Agreement.  The remaining allegations of Paragraph 27 are denied.

-5-

28.     Tower Ventures admits only so much of Paragraph 28 as alleges that between August and October 2002, Tower Ventures continued to process certain applications, but specifically denies that it did this in the context of performing under the September 2001 Agreement, which had been terminated.  By way of further answer, Tower Ventures continued to process the applications so that Crossroads could get the benefit of the work that had been done before termination of the September 2001 Agreement in the event that it wanted to use the approvals that had been or would be obtained.

29.     Tower Ventures admits the allegations of Paragraph 29.

30.     Tower Ventures admits the allegations of Paragraph 30.

31.     Tower Ventures denies the allegations of Paragraph 31.

32.     Tower Ventures denies the allegations of Paragraph 32.

33.     Tower Ventures admits the allegations of Paragraph 33.

34.     With respect to the allegations of Paragraph 34, the September 2001 Agreement is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete statement of the terms and conditions contained therein.  By way of further answer, Tower Ventures states that Crossroads did not deliver to Tower Ventures copies of all of the Property Documentation within twenty days after the execution of the September 2001 Agreement, as required by the September 2001 Agreement, which severely hampered Tower Ventures's ability to prepare the applicable applications for approval that were to be filed pursuant to Paragraph 1 of the September 2001 Agreement.  By way of even further answer, Tower Ventures states that Crossroads participated in the process of preparing the applicable applications for approval that were to be filed pursuant to Paragraph 1 of the September 2001 Agreement, and knew that delays in the process had been encountered.

35.     Tower Ventures admits the allegations of Paragraph 35.

36. With respect to the allegations of Paragraph 36, the letter from Tower Ventures's counsel dated October 11, 2001 is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete statement of what was communicated therein.

<u>COUNT ONE – BREACH OF CONTRACT (MONEY DAMAGES)</u>

37. Tower Ventures's responses to Paragraphs 1 through 36 are hereby incorporated by reference as if fully set forth herein and made Tower Ventures's responses to Paragraphs 1 through 36 of Count One.

38. Tower Ventures denies the allegations of Paragraph 38.

39. Tower Ventures denies the allegations of Paragraph 39.

<u>COUNT TWO – BREACH OF CONTRACT (SPECIFIC PERFORMANCE)</u>

40. Tower Ventures's responses to Paragraphs 1 through 39 are hereby incorporated by reference as if fully set forth herein and made Tower Ventures's responses to Paragraphs 1 through 39 of Count Two.

41. Count II was dismissed by the Court in the Ruling on Motion to Dismiss dated December 19, 2003, therefore, no response is required to the allegations of Paragraph 41.

COUNT THREE
<u>BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</u>

42. Tower Ventures's responses to Paragraphs 1 through 41 are hereby incorporated by reference as if fully set forth herein and made Tower Ventures's responses to Paragraphs 1 through 41 of Count Three.

43. The allegations of Paragraph 43 are conclusions of law for which no response is required.

44. Tower Ventures denies the allegations of Paragraph 44.

45. With respect to the allegations of Paragraph 45, the August 7, 2002 letter is a document that speaks for itself, therefore, Tower Ventures refers to said document for a complete statement of what was communicated therein.

46. Tower Ventures admits only so much of Paragraph 46 as alleges that Crossroads and Tower Ventures discussed Tower Ventures' concerns with the September 2001 Agreement. Tower Ventures is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 46, therefore, Plaintiff is left to its proof.

47. Tower Ventures admits only so much of Paragraph 47 as alleges that Tower Ventures proposed that the September 2001 Agreement be renegotiated as a condition of its continued participation in the project. Tower Ventures is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 47, therefore, Plaintiff is left to its proof.

48. Tower Ventures admits only so much of Paragraph 48 as alleges that it reaffirmed its termination of the September 2001 Agreement by letter dated October 11, 2001. The remaining allegations of Paragraph 48 are denied.

49. Tower Ventures denies the allegations of Paragraph 49.

50. Tower Ventures denies the allegations of Paragraph 50.

### COUNT FOUR – VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT, CONN. GEN. STAT. § 42-110A ET SEQ.

51. Tower Ventures's responses to Paragraphs 1 through 50 are hereby incorporated by reference as if fully set forth herein and made Tower Ventures's responses to Paragraphs 1 through 50 of Count Four.

52. The allegations of Paragraph 52 are conclusions of law for which no response is required.

53. Tower Ventures denies the allegations of Paragraph 53.

54. Tower Ventures denies the allegations of Paragraph 54.

55. Tower Ventures denies the allegations of Paragraph 55.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Tower Ventures terminated the contract pursuant to Paragraph 8 of the September 2001 Agreement.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide copies of all of the Property Documentation within twenty days after the execution of the September 2001 Agreement, as required by the September 2001 Agreement, which severely hampered Tower Ventures's ability to prepare the applicable applications for approval that were to be filed pursuant to Paragraph 1 of the September 2001 Agreement.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide copies of all of the Property Documentation within twenty days after the execution of the September 2001 Agreement, as required by the September 2001 Agreement, and because Plaintiff participated in the process of preparing the applicable applications for approval that were to be filed pursuant to Paragraph 1 of the September 2001 Agreement and knew that delays in the process had been encountered, therefore, Plaintiff waived any argument that it may have that Tower Ventures was in material breach of the September 2001 Agreement.

-9-

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide copies of all of the Property Documentation within twenty days after the execution of the September 2001 Agreement, as required by the September 2001 Agreement, and because Plaintiff participated in the process of preparing the applicable applications for approval that were to be filed pursuant to Paragraph 1 of the September 2001 Agreement and knew that delays in the process had been encountered, therefore, Plaintiff is equitably estopped from arguing that Tower Ventures was in material breach of the September 2001 Agreement.

DEFENDANT
TOWER VENTURES, INC.


By_____
   Steven R. Humphrey (ct06053)
   Email: shumphrey@rc.com
   Elizabeth R. Leong (ct24453)
   Email: eleong@rc.com
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT 06103-3597
   Tel.: (860) 275-8200
   Fax: (860) 275-8299

## **CERTIFICATION**

      This is to certify that a copy of the foregoing served via facsimile and first-class mail, postage prepaid, to the following on this 12th day of March, 2004.

David T. Grudberg, Esq.
David L. Belt, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P. O. Box 606
New Haven, CT 06503

                                                                                   _____
                                                                                    Elizabeth R. Leong