# KENNETH IRA SPIGLE
### ATTORNEY AT LAW

687 Highland Avenue, Suite 1
Needham, Massachusetts 02494

(781) 453-3900
Fax: (781) 453-0510
e-mail: kenspigle@aol.com

December 26, 2001

Chester L. Sklodosky, Zoning
    Enforcement Officer
Old Saybrook Land Use Department
302 Main Street
Old Saybrook, CT  06475-1741

Re:  <u>Tower Reconstruction Proposal - 77 Springbrook Road</u>

Dear Mr. Sklodosky:

I am writing on behalf of Tower Ventures, Inc., which is working with Crossroads Communications of Old Saybrook, LLC, on the proposed reconstruction of the communications tower currently located near the western corner of the lot at 77 Springbrook Road.[1] The purpose of this letter is to address some questions which have arisen relating to the applicability of certain provisions of Old Saybrook's zoning regulations to this proposed project.

The subject tower is 182 feet tall, supported by guy wires, two of which extend approximately 120 or 130 feet into two neighboring lots. The tower is over thirty years old, and currently is used to support a paging company's antenna facilities. In its present condition and configuration, it has very limited capacity to support other antenna facilities.

Tower Ventures and Crossroads Communications are proposing to reconstruct the tower. If and when the tower is reconstructed, the plan would then be to seek approval for the

---

[1]  I am admitted to practice in the State of Massachusetts, as well as in the Court of Appeals for the Second Circuit (sitting in New York) and the Court of Appeals for the First Circuit (sitting in Boston). Although I am not a member of the Connecticut Bar, I have appeared on behalf of Tower Ventures in local zoning proceedings in Connecticut, and have appeared as counsel for other clients in both state and Federal Court proceedings in Connecticut, <u>pro hac vice</u>.


DEFENDANT'S EXHIBIT 4
JVC 6.3.04

CHILD0011

DEC-22-2001  00:02        EUGENE M. MAGIER, ESQ.                              P.03/04

Letter to Chester L. Sklodosky, Zoning
    Enforcement Officer
December 26, 2001
Page Two


attachment of one or more wireless communications company's facilities to the new tower. My letter addresses only issues relating to the proposed reconstruction; issues relating to possible attachment of wireless facilities would be addressed in a separate, subsequent, proceeding.

The tower appears to be a pre-existing nonconforming structure under the Old Saybrook Zoning Regulations, in that it does not meet the property line setback requirements, and in that it exceeds the maximum allowable structure height. Tower Ventures proposes to reconstruct the tower in one of two possible ways.

Its first preference would be to move the tower to a location where it would eliminate the setback nonconformity, and to lower its total height (to about 175 feet) to reduce the nonconformity as to height. Under Section 10.7.3 (which, in the version I have reviewed, appears to have mistakenly omitted the word "No" before the words "nonconforming building"), such a move would appear to be permitted, as it would reduce one aspect of its nonconformity (height), and eliminate the other (setback).[2] In moving the tower, Tower Ventures would also plan to reconstruct it as a monopole, which would eliminate the need for the guy wires. Under Section 10.7.1, reconstruction and structural alteration appear to be permitted, as long as there is no enlargement or extension of the nonconformity. (Although the diameter of the proposed monopole would be somewhat larger than that of the existing guyed tower, the diameter is not a nonconformity).

The other alternative would be to reconstruct the guyed tower, in the same location, at a slightly lower height of about 175 feet, but with a slightly expanded girth of about 30 inches, compared with the present 24 inches. The guy wires would remain, and the tower would remain quite close to the neighboring lots. Again, since the reconstruction at a lower height would reduce the height nonconformity, this would also appear to be allowable under the Zoning Regulations.

---

[2] The reconstruction of the tower also would appear to be consistent with Section 10.6.1, in that it would "reduce or eliminate" the setback and height nonconformity.

CHILD0012

Letter to Chester L. Sklodosky, Zoning
   Enforcement Officer
December 26, 2001
Page Three

I would like to comment briefly on the possible applicability of Section 68 to this proposed reconstruction. Although the future of this tower, after reconstruction, may well involve the type of telecommunications facilities referred to in that section, I do not believe that the Section 68 provisions are applicable, for two reasons. First, the reconstruction being proposed does not involve the addition of telecommunications facilities. Second, under the December 17, 2001, ruling of the Second Circuit Court of Appeals in <u>Sprint Spectrum L.P. v. Connecticut Siting Council</u>, ___ F.3d. ___, 2001 WL 1602713 (2nd Cir. 2001) (a case on which I was counsel for the prevailing Plaintiff-Appellant Sprint PCS), it now appears that the Connecticut Siting Council has exclusive jurisdiction over the siting of PCS facilities, as well as traditional cellular facilities.

Notwithstanding Tower Ventures' view that Section 68 is inapplicable, the monopole proposal is intended to conform in several respects with the spirit of Section 68. For example, it is proposed as a monopole, and is proposed to be located at least 90 feet from all property lines, and to be designed to have a breakpoint halfway up its 175-foot height, which is consistent with the spirit of Section 68.3.1c and 68.1.3c.

Please feel free to contact me if you wish to discuss these issues further, or to refer these comments to your Town's legal counsel if he or she would like to discuss them.

Thank you for your attention in this matter.

                              Very truly yours,


                              Kenneth Ira Spigle

CHILD0013