UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROSSROADS COMMUNICATIONS OF OLD SAYBROOK, LLC, | : | |
| Plaintiff, | : | CIVIL NO. 3:03CV459(PCD) |
| | : | |
| VS. | : | |
| | : | |
| TOWER VENTURES, INC., | : | OCTOBER 28, 2004 |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT**
**AND STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT**

Plaintiff Crossroads Communications of Old Saybrook, LLC (hereinafter "Crossroads") respectfully submits the following statement, pursuant to Local Rule of Civil Procedure 56(a)(2), responding to defendant's Rule 56(a)(1) statement, and setting forth plaintiff's statement of disputed material facts.

**I.    RESPONSE TO DEFENDANT'S RULE 56(a)(1) STATEMENT**

1-12.  Admitted.

13.  Crossroads admits that this was the parties' original intention.

14.  Crossroads admits that the statement accurately repeats what is set forth in the referenced paragraph of Keenan Brinn's affidavit.  Crossroads is not in a position to know defendant's subjective "belief," and thus cannot either admit or deny the factual allegation of paragraph 14.  Crossroads does not dispute that TVI "hoped" the only necessary application would be for a

building permit, but cannot comment on the basis for TVI's "belief."

15-19.  Admitted.

20.  Admitted to the limited extent the statement accurately quotes Mr. DeCesare's statement.  Crossroads submits that the statement is misleading without being placed in proper context. Mr. DeCesare's full answer was that he "ultimately decided that I would allow the date to pass and seek in my mind, as we went along, to see whether or not there was any damage as a result of it." (DeCesare, p.74).

21-24.  Admitted.

25.  Crossroads cannot admit or deny this factual statement, as it was not a party to any conversation with the Old Saybrook Town Planner and her account of that conversation is unknown; however, plaintiff believes the issue of who suggested a change to a monopole tower is not material.

26.  Crossroads denies that a change to a monopole tower would have necessitated a change in the tower's location on the property. (DeCesare Aff., ¶ 18.)

27.  Plaintiff admits that a change in the location of the tower would eliminate the intrusion on abutting property owners by guyed wires.  As noted in Paragraph 26 above, plaintiff denies that a change in the type of the tower necessarily would have required a change in its location on the property.

28.  Admitted.

29.  Admitted to the limited extent the statement accurately quotes Mr. DeCesare's statement.  Crossroads submits that the statement is misleading without being placed in proper context.  Mr. DeCesare's full statement was "I was not party to the discussions that made the decision to switch the engineering from one to the other, no.  I was presented with this is what we think we should do and I said it's fine with me."  (DeCesare, at 50-51).

30-43.  Admitted.

44.  Admitted, except to the extent it alleges that Attorney Childress presented on behalf of the tower project before the Architectural Review Board.  Mr. DeCesare presented at this meeting.  (DeCesare Aff. ¶ 19; Childress, at 41-42).

45-52.  Admitted.

52.  Denied.  FAA clearance was not necessary before TVI could build the tower.  (DeCesare Aff., ¶ 20; Maccini, at 147-49).

53.  Denied.  According to Attorney Childress, after the appeals period for the Zoning Commission approval had passed, TVI could have obtained a building permit for the tower and constructed it as planned.  (Childress, at 68).  Siting Council approval would be necessary only at a point in the future when TVI wished to attach telecommunications facilities to the tower.  (Childress, at 16-17).

54-55.  Admitted.

II.  <u>PLAINTIFF'S STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT</u>

1.    There are issues of material fact concerning the expectations of the parties upon entering into the September 20, 2001 agreement, and their purpose in entering into that contract. These issues are critical to the overarching issue whether TVI's breach of the contract was material, and therefore whether it was barred from exercising a right of termination, as it attempted to do in its letter of August 7, 2002.

According to Mr. DeCesare, Crossroads' president, the 45-day requirement for the filing of necessary applications for approval by TVI was an essential and important component of the parties' agreement.  (DeCesare Aff., ¶¶ 7-9).

There are corresponding issues of fact as to TVI's good faith, or lack thereof, in its dealings with Crossroads.  This question is also most relevant to the overarching issue whether TVI's breach of its agreement was material, and whether it was permitted to terminate the agreement.

2.    There are issues of material fact as to whether TVI acted in bad faith, whether its conduct offended public policy, or was unfair, immoral, unethical, oppressive, or unscrupulous.  TVI's president admitted that he terminated the agreement at issue because it was no longer economically advantageous for TVI, and thereafter offered to continue with the parties' agreement only if Crossroads agreed to terms more favorable to TVI.  (Maccini, at

4

118-20, 127-31, 137-38 and deposition exhibits 12 and 13 (Exhibit B)). The intent underlying these actions, or the proper characterization of them, are questions of fact to be determined. These questions are critical to the issue whether the Connecticut Unfair Trade Practices Act was violated, or the implied covenant of good faith and fair dealing.


                          THE PLAINTIFF
                          CROSSROADS COMMUNICATIONS OF OLD
                          SAYBROOK, LLC


                      By_____
                          David T. Grudberg, ct01186
                          JACOBS, GRUDBERG, BELT & DOW, P.C.
                          350 Orange St.
                          P.O. Box 606
                          New Haven, CT  06503
                          Ph.:(203) 772-3100
                          Fax:(203) 772-1691
                          Email: dgrudberg@jacobslaw.com

<u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was faxed and mailed, by overnight delivery, on October 28 to:

Steven R. Humphrey, Esq.
Elizabeth R. Leong, Esq.
Marion B. Manzo, Esq.
Robinson & Cole, LLP
280 Trumbull St.
Hartford, CT  06103-3597


_____
David T. Grudberg