UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROSSROADS COMMUNICATIONS OF OLD SAYBROOK, LLC, | : : | |
| Plaintiff, | : : | CIVIL NO. 3:03CV459 (PCD) |
| v. | : : | |
| TOWER VENTURES, INC., | : | OCTOBER 29, 2004 |
| Defendant. | : | |

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE AMENDED REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, Tower Ventures, Inc. ("TVI") hereby moves to strike Plaintiff Crossroads Communications of Old Saybrook, LLC's ("Crossroads") Memorandum of Law in Opposition To Defendant's Motion for Summary Judgment, Plaintiff's Local 56(a)(2) Statement and Statement of Disputed Issues of Material Fact, and the Affidavit of Donald E. DeCesere in Opposition to Motion for Summary Judgment. In the alternative, TVI moves for an extension of time until November 12, 2004 to file an amended reply memorandum of law in further support of its motion for summary judgment. In support thereof, TVI avers as follows:

1.  TVI served its motion for summary judgment on August 9, 2004, in accordance with this Court's Order dated July 28, 2004 (Docket #29).

2.  On or about August 27, 2004, Crossroads filed a motion to modify briefing schedule (Docket #31), which the Court granted on or about August 28, 2004 and which extended the time for Crossroads to respond to TVI's motion for summary judgment until September 13, 2004 (Docket #32).

HART1-1215190-1

3. On or about September 10, 2004, Crossroads filed a second motion to modify briefing schedule (Docket #33), which the Court granted on or about September 14, 2004, and which extended the time for Crossroads to respond to TVI's motion for summary judgment until September 20, 2004 (Docket #34).

4. On or about September 17, 2004, Crossroads filed a third consent motion to modify briefing schedule (Docket #35), which the Court granted on or about September 22, 2004, and which extended the time for Crossroads to respond to TVI's motion for summary judgment until September 28, 2004 (Docket #36).

5. On or about September 24, 2004, Crossroads filed a fourth motion to modify briefing schedule (Docket #37), which the Court granted on or about September 29, 2004, and which extended the time for Crossroads to respond to TVI's motion for summary judgment until October 8, 2004 and which made TVI's reply brief due on October 29, 2004 (Docket #38).

6. The Court's Order dated September 29, 2004 specifically stated, "This shall be the last extension given for these deadlines."

7. On or about October 8, 2004, counsel for Crossroads contacted counsel for TVI and requested an additional week to serve Crossroads's opposition brief. Counsel for TVI did not object to this request as this still gave TVI two weeks to prepare its reply brief.

8. On or about October 18, 2004, counsel for Crossroads contacted counsel for TVI and requested a further extension of time to serve Crossroads's opposition brief until October 22, 2004. Counsel for TVI expressed concern to counsel for Crossroads that this would not leave TVI with sufficient time to prepare its reply brief and requested that the opposition brief be served as soon as possible.

9. On October 21, 2004, counsel for Crossroads contacted counsel for TVI and stated that he intended to file another motion for extension of time with the Court, and that he would serve Crossroads's opposition brief on October 25, 2004.

10. On or about October 22, 2004, Crossroads filed a fifth consent motion to modify briefing schedule (Docket #39) seeking an extension until October 25, 2004 to serve its response to TVI's motion for summary judgment and requesting an extension until November 5, 2004 for TVI to file its reply.

11. On the afternoon of Monday, October 25, 2004, counsel for Crossroads left a voicemail message for counsel for TVI stating that he would probably not be able to serve Crossroads's response to TVI's motion for summary judgment until Tuesday, October 26, 2004 because he had been unexpectedly called to court.

12. Having not received Crossroads brief on Tuesday, October 26, 2004, counsel for TVI telephoned counsel for Crossroads on the morning of Wednesday, October 27, 2004. Counsel for Crossroads stated that he was still working on the opposition brief and hoped to serve it by the end of the day or by the morning of Thursday, October 28, 2004.

13. During that telephone conversation, counsel for TVI expressed concern to counsel for Crossroads that if the Court denied Crossroads's fifth motion to modify briefing schedule, TVI would not have sufficient time within which to analyze Crossroads's opposition brief and prepare its reply brief.

14. On the morning of October 28, 2004, counsel for both parties received notice of the Court's Order dated October 27, 2004 denying Crossroads's fifth consent motion for

extension of time to modify briefing schedule and referring the parties to its Order dated September 29, 2004.

15. Counsel for TVI was served with an unsigned copy of Crossroads's opposition brief, an unsigned copy of Plaintiff's Local 56(a)(2) Statement and Statement of Disputed Issues of Material Fact, and with the unexecuted Affidavit of Donald E. DeCesere in Opposition to Defendant's Motion for Summary Judgment by facsimile at approximately 2:30 p.m. on October 28, 2004.

16. The Court's Order dated September 29, 2004 requires TVI to file its reply brief on October 29, 2004.

17. Crossroads's delay in serving its response to TVI's motion for summary judgment is in direct violation of this Court's Order dated September 29, 2004, and deprived TVI of the three weeks contemplated by the Court's Order in which to prepare its reply brief.

18. Crossroads's delay in serving its response to TVI's motion for summary judgment is in violation of the briefing schedule contemplated by its own fifth motion to modify briefing schedule, wherein Crossroads stated that it would serve its response on October 25, 2004. As set forth above, Crossroads's opposition brief was not served until the afternoon of October 28, 2004.

19. Most importantly, however, Crossroads's delay in serving its response to TVI's motion for summary judgment has severely prejudiced TVI's ability to fully analyze the arguments set forth in Crossroads's opposition brief and supporting papers (which Crossroads had nearly twelve weeks to prepare) and prepare a comprehensive, substantive reply brief.

20. For these reasons, Crossroads's Memorandum of Law in Opposition To Defendant's Motion for Summary Judgment, Plaintiff's Local 56(a)(2) Statement and Statement of Disputed Issues of Material Fact, and the Affidavit of Donald E. DeCesere in Opposition to Motion for Summary Judgment should be stricken.

21. In the alternative, should the Court accept and consider Crossroads's late-served response to TVI's motion for summary judgment, TVI hereby moves for an extension of time until November 12, 2004 to substitute an amended reply memorandum of law in further support of its motion for summary judgment.

22. In an effort to comply with the Court's September 29, 2004 Order, TVI has prepared and filed a ___-page reply brief in further support of its motion for summary judgment.

23. Because Crossroads did not serve its opposition brief until mid-afternoon on October 28, 2004, TVI had only approximately twenty-four hours to review and analyze Crossroads's opposition brief and prepare its reply brief.

24. Counsel for TVI has spoken with counsel for Crossroads and Crossroads does not object to this alternative request for an extension of time.

25. In the event that the Court denies TVI's motion to strike Crossroads's response to TVI's motion for summary judgment, TVI alternatively requests additional time to fully analyze Crossroads's arguments and prepare a more comprehensive amended reply brief.

WHEREFORE, for the foregoing reasons, Defendant Tower Ventures, Inc. respectfully requests that Plaintiff Crossroads Communications of Old Saybrook, LLC's Memorandum of Law in Opposition To Defendant's Motion for Summary Judgment, Plaintiff's Local 56(a)(2) Statement and Statement of Disputed Issues of Material Fact, and the Affidavit of Donald E.

DeCesere in Opposition to Motion for Summary Judgment be stricken, or, in the alternative, requests an extension of time until November 12, 2004 to substitute a more complete reply brief in further support of its motion for summary judgment.

                DEFENDANT
                TOWER VENTURES, INC.

                By_____
                   Steven R. Humphrey (ct06053)
                   shumphrey@rc.com
                   Elizabeth R. Leong (ct24453)
                   eleong@rc.com
                   Robinson & Cole LLP
                   280 Trumbull Street
                   Hartford, CT  06103-3597
                   Tel.:  (860) 275-8200
                   Fax:  (860) 275-8299

## **CERTIFICATION**

      This is to certify that a copy of the foregoing appearance was served via facsimile and first-class mail, postage prepaid, on this 29th day of October, 2004, on the following:

David T. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P. O. Box 606
New Haven, CT 06503-0606

                                                _____
                                                Elizabeth R. Leong