UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROSSROADS COMMUNICATIONS OF OLD SAYBROOK, LLC, | : : | |
| Plaintiff, | : : | CIVIL NO. 3:03CV459(PCD) |
| VS. | : : | |
| TOWER VENTURES, INC., | : | OCTOBER 29, 2004 |
| Defendant. | : : | |

**AFFIDAVIT OF DAVID T. GRUDBERG IN SUPPORT OF
NUNC PRO TUNC MOTION FOR EXTENSION
OF TIME AND/OR MOTION FOR RECONSIDERATION**

STATE OF CONNECTICUT)
                ) ss.:
COUNTY OF NEW HAVEN )

    DAVID T. GRUDBERG, being duly sworn, deposes and states as follows:

    1.   I am over 18 years of age and believe in the obligations of an oath.

    2.   I am counsel for plaintiff Crossroads Communications of Old Saybrook, LLC ("Crossroads") in this case, and am principally responsible for the conduct of the litigation, including the preparation of all necessary pleadings.

    3.   I make this affidavit in support of plaintiff's motion for a _nunc pro tunc_ extension of time to serve its papers in opposition to defendant's motion for summary judgment in this matter, and/or reconsideration of the Court's September 29, 2004

order providing for no further extensions.  Plaintiff's opposition papers were completed and served by fax on defendant's counsel on October 28, 2004.

    4.   It is not my intent in this affidavit to attempt to excuse my failure to file plaintiff's responsive papers by the deadline fixed by the Court.  Ultimately, I recognize there is no excuse.  It is certainly not my practice to miss court deadlines or disregard court orders.  For reasons unrelated to the merits of plaintiff's position, and which even in hindsight I cannot adequately articulate, I had great difficulty finishing this particular task.  The difficulty was due in part to other demands on my time, but I know most lawyers are busy and this is not a proper excuse.  I do not ask or expect the Court to approve my failing.  Instead, my purpose in this affidavit is (1) to apologize to the Court and opposing counsel; (2) to ask the Court to accept and consider the late filing, by way of a <u>nunc</u> <u>pro</u> <u>tunc</u> extension of time, so that my client is not prejudiced as a result of my conduct; and (3) to explain to the Court that my intention throughout the last few weeks, with the knowledge and cooperation of defendant's counsel, was to have the motion fully briefed and before the court notwithstanding my missed deadline by the current filing deadline of October 29th, or the modified deadline of November 5th requested in my motion of October 21st.

    5.   The scheduling order currently in place called for plaintiff's opposing papers to be served by October 8, 2004, and

defendant's reply papers by October 29, 2004. The additional time for filing of any reply was requested based on the schedule of Marion Manzo, Esq., the lawyer primarily responsible for the preparation of defendant's initial moving papers. Attorney Manzo was scheduled to be away from October 13th to October 17th, and that fact was stated in our motion of September 24, 2004. Attorney Manzo had initially requested that I ask for a date that would ensure she had at least one full week to work on her reply, but ultimately I asked the Court to fix a date that gave defendant at least 10 days from her return.

    6.   On September 30th, I received notice that the Court had granted our motion of September 24, and had ordered that no further extensions would be granted. By that time, it was clear to me that it would be very difficult to complete plaintiff's response by the October 8th deadline I had requested. I was out of state for most of the day on October 1st. I was scheduled to begin trial in state court on October 6th. On September 24th, when I filed the motion for extension, it appeared that case had settled as to all defendants. The apparent global settlement did not occur, however, and the matter was not resolved as to the remaining defendant until the case was about to start trial on October 6th. In addition, I spent much of the day on October 4th in Stamford, on a court appearance that as of September 24th had appeared unlikely to go forward. Given the Court's order, I felt I could not file another request for time.

7. As October 8th approached, I spoke with Attorney Manzo and informed her of my scheduling problems. Attorney Manzo informed me that she was no longer going to be working on this case, and that responsibility for preparing defendant's reply had been shifted back to Attorney Elizabeth Leong, who had appeared in the case before Attorney Manzo and had been involved up until the taking of depositions earlier this year. I asked Attorney Manzo whether, in light of the relatively long October 29th reply date, it was acceptable to defense counsel if I forwarded my reply during the week of October 11th, since that would still give Ms. Leong more than two weeks for preparation of a reply. Attorney Manzo later indicated to me that she had checked with Attorney Leong, and that my proposed timetable was acceptable.

8. I understand that defense counsel's acquiescence does not excuse a failure to comply with orders of the Court. However, I thought the papers would not be actually submitted to the Court until the matter was fully briefed, I thought that if defense counsel agreed, this course of action would be acceptable so long as the matter was fully briefed and before the Court.

9. As I continued to experience difficulty completing the task, first during the week of October 11th and later during the week of October 18th, I was in periodic contact with Attorney Leong to inform her of my ongoing difficulties, and consult with her regarding scheduling. It was my understanding, based on my conversations with her, that she would not object so long as she

had at least one full week after the completion of plaintiff's response to prepare a reply.

    10.  On October 21, 2004, when it became apparent to me that I would not be able to complete plaintiff's response by October 22nd -- one week from defendant's reply date -- I contacted Attorney Leong again and informed her I would be filing a motion seeking to extend the date for the filing of her reply papers to November 5th. That motion was filed on October 21st with the Court.

    11.  I continued to experience difficulty completing the responsive papers after that motion was filed. I spoke with Attorney Leong on October 25th and 27th about those difficulties. On October 27th, I told her my response would be complete either that day or the 28th. I understood that this would be acceptable to Attorney Leong, so long as she had until November 5th to prepare a reply.

    12.  On the morning of October 28th, I received electronic notice that the Court had denied my motion of October 21st. I received a call later that day from Attorney Leong and Steven R. Humprey, Esq. regarding the scheduling issue. Attorney Humphrey informed me that defendant would be moving to strike any response plaintiff filed to defendant's summary judgment motion. He further informed me that defendant would take no position as to whatever motion for relief I filed with the Court.

    13.  I am painfully aware that the course of events set out above does not excuse the failure to meet the schedule set by the

5

Court.  Once again, I apologize to the Court for my actions.  I simply want the Court to understand that, however misguided, my intention throughout was, with the cooperation of opposing counsel, to have the motion fully briefed and before the Court by the October 29th date fixed by the Court, and later by the November 5th date requested in the motion for extension ultimately denied.

     14.  If the Court concludes that some punishment is appropriate, I ask that the Court inflict that punishment on me rather than on the plaintiff.  The failure to meet the deadline was due to my own failings, and not at all to a failure of my client to cooperate in my efforts.  Barring the filing of responsive papers, or refusing to consider those papers, would I believe unfairly punish my client for the actions of its lawyer.

     15.  In closing, I wish to reiterate that, despite appearances, I intended no disrespect or contempt for the Court in my actions.  I know the Court expected better of me, as I expect better of myself.  As I noted above, I cannot fully explain why I had such difficulty completing this particular task; however, the facts speak for themselves and I must accept responsibility for them.  I assure the Court I have learned a painful lesson as a

result of this experience.

                                                       _____
                                                            David T. Grudberg

Sworn to before me this____ day of October, 2004.

_____
Notary Public/Commissioner of Superior Court