UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROSSROADS COMMUNICATIONS OF OLD SAYBROOK, LLC, | : : : | |
| Plaintiff, | : : | CIVIL NO. 3:03CV459 (PCD) |
| v. | : : | |
| TOWER VENTURES, INC., | : | OCTOBER 29, 2004 |
| Defendant. | : | |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Tower Ventures, Inc. ("TVI"), submits this reply memorandum of law in further support of its motion for summary judgment against Plaintiff Crossroads Communications of Old Saybrook, LLC ("Crossroads").

I.  **LEGAL ARGUMENT**

   A.  **Crossroads's Late-Served Response To TVI's Motion For
       Summary Judgment Should Not Be Considered By The Court;
       As Such, There Are No Genuine Issues Of Material Fact And
       TVI Is Entitled To The Entry Of Summary Judgment In Its Favor**

This Court should not consider Crossroads's late-served response to TVI's motion for summary judgment. Contemporaneously with the filing of the instant reply brief, TVI has moved to strike Crossroads's opposition brief because Crossroads failed to comply with this Court's September 29, 2004 Order, which required Crossroads to serve its opposition brief on October 8, 2004. Crossroads's response to TVI's motion for summary judgment was not served until approximately 2:30 p.m. on October 28, 2004, merely the before TVI's reply brief was due

HART1-1215275-1

under the Court's September 29, 2004 Order.[1]  As set forth more fully in TVI's motion to strike, Crossroads's delay has severely prejudiced TVI's ability to fully analyze the arguments set forth in Crossroads's response (which Crossroads had nearly twelve weeks to prepare) and prepare a comprehensive, substantive reply.

In the absence of Crossroads's response to TVI's motion for summary judgment, Crossroads has not met its burden of setting forth specific facts showing that there is a genuine issue of material fact for trial and TVI is entitled to the entry of summary judgment in its favor.[2] Fed. R. Civ. P. 56(e); see also Spurlock v. Whitley, 79 Fed. Appx. 837, 840 (6th Cir. 2003) (affirming district court's (1) declination of extension of deadline for responses to pending motion for summary judgment; (2) disregard of plaintiff's late-filed briefs; (3) finding that plaintiff had not pointed to any evidence that created a genuine issue of material fact; and (4) grant of summary judgment in defendant's favor).  A party opposing a motion for summary judgment may only create a genuine issue of fact by citing to competent, admissible evidence. Sarno v. Douglas Elliman-Gibbons & Ives, 183 F.3d 155, 160 (2d Cir. 1999).

Referring solely to TVI's motion for summary judgment and supporting papers, there are no genuine issues of material fact and TVI is entitled to the entry of summary judgment in its favor.  TVI had the right to terminate the contract because all the Conditions Precedent were not satisfied by July 31, 2002 and it was not then in material breach of the contract.  It was only after TVI rightfully terminated the contract – nine months after the expiration of the 45-day period –

---

[1] In addition to its motion to strike, TVI has also moved in the alternative for an extension of time to file an amended reply brief in the event that the Court accepts and considers Crossroads's late-served opposition brief and supporting papers, in order to afford TVI an opportunity to more fully analyze the arguments made by Crossroads and prepare a more comprehensive and substantive reply.

[2] Even if the Court does accept and consider Crossroads's late-served response to TVI's motion for summary judgment, Crossroads will not have met this burden as there are no genuine issues of material fact in this matter.

that Crossroads manufactured its claim that the failure to apply for all approvals within 45-days was a material breach of the contract.

Unfortunately for Crossroads, all of the facts point only to the conclusion that this 45-day requirement was *not* a material part of the parties' agreement.[3]  First, after the contract was executed, Keenan Brinn of TVI began working on obtaining the required approvals. (Defendant's Local 56(a)(1) Statement, at ¶ 11.)  Second, both TVI and Attorney Childress believed that the only application required would be for a building permit because a tower already existed on the property for which a variance had already been obtained.  (Id. at ¶¶ 14, 37.)  This would have significantly shortened the amount of time necessary to apply for all approvals required for the construction of the tower.

Third, Crossroads's principal, Donald DeCesere, admitted that he was aware of the fact that TVI had not applied for all approvals within the 45-day time period and further admitted that he never told TVI that he believed TVI was in breach.  Nor did Mr. DeCesere send any written communication to TVI notifying TVI that it was in breach prior to TVI's termination of the agreement.  (Id. at ¶¶ 18-21.)  Crossroads never demanded adherence to the 45-day time frame, and never communicated to TVI that TVI was in breach of the agreement at any point prior to TVI's rightful termination.  (Id. at ¶¶ 22-23.)

---

[3]    Although the issue of whether a breach of contract is material is generally considered an issue of fact, summary judgment is appropriate here because based on the evidence no reasonable jury could find that the parties considered the 45-day time limit to be material.  See Anderson, 477 U.S. at 255-56 (holding that where there is a factual dispute, "the appropriate summary judgment question will be whether the evidence in the record could support a reasonable jury finding"); Vasquez v. New Britain Gen. Hosp., 1993 U.S. Dist. LEXIS 11616, at *4-5 (D. Conn. Apr. 15, 1993) ("A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'") (quoting Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992)).

Finally, and perhaps most importantly, Crossroads's own actions belie its belated assertion that TVI's failure to apply for the approvals within the 45-day time frame was material to the parties' agreement. Crossroads continued to work with TVI in the application process for the construction of the tower up until (and after) TVI's termination. (Id. at ¶ 24.)[4] This cooperation continued virtually every step of the way from at least November 2001 until the time that TVI terminated the contract; Mr. DeCesere attended and even presented at various hearings at which applications were pending throughout this time period. (Id. at ¶¶ 28-31, 34-35, 39, 43.) Indeed, every action by Crossroads leads only to the conclusion that the 45-day time period was not material.

In the absence of a material breach, TVI rightfully terminated the contract and cannot be held liable for breach of contract, a CUTPA violation, or breach of the duty of good faith and fair dealing.[5]

## II.   CONCLUSION

For the foregoing reasons, and for the reasons set forth more fully in its initial memorandum of law and supporting papers, Tower Ventures, Inc. respectfully requests that its

---

[4] In its late-served papers, Crossroads admits this fact.

[5] Furthermore, Mr. DeCesere testified that TVI did not act in bad faith by not applying for all of the approvals within the 45-day time period. (DeCesere, at 73.)

motion to for summary judgment on Counts One, Three and Four of the Complaint be granted.

                                  DEFENDANT
                                  TOWER VENTURES, INC.

By_____
  Steven R. Humphrey (ct06053)
  shumphrey@rc.com
  Elizabeth R. Leong (ct24453)
  eleong@rc.com
  Robinson & Cole LLP
  280 Trumbull Street
  Hartford, CT  06103-3597
  Tel.:  (860) 275-8200
  Fax:  (860) 275-8299

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was hand-delivered, on this 29th day of October, 2004, to the following:

David T. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P. O. Box 606
New Haven, CT 06503-0606

                                                                                                                 _____
                                                                                                                  Elizabeth R. Leong